UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. ROGERS, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>NORFOLK SOUTHERN RAILWAY )<br>COMPANY, )<br>)<br>  **SERVE:** )<br>)<br>Illinois Corporation Service C )<br>801 Adlai Stevenson Drive )<br>Springfield, IL 62703 )<br>)<br>  Defendant. ) | Cause No.: 1:17-cv-07823<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

NOW COMES Plaintiff, William A. Rogers, by and through his attorneys, Holland Law Firm, LLC, and for his Complaint against the Defendant, Norfolk Southern Railway Company, a corporation, states as follows:

## JURISDICTION AND VENUE

1. This is an employment action based upon and arising under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 29 U.S.C. § 1331, since these claims arise under federal statutory law. This Court has specific personal jurisdiction over these claims because they arise out of and are related to the State of Illinois in that, as set forth in more detail below, Plaintiff's employment relationship with Defendant is based in Chicago, Illinois, including his co-workers and supervisors being located here. Additionally, the collective bargaining agreement under which he works is enforced and

interpreted in Chicago, Illinois by the labor union of which he is a member and the Defendant. Finally, the claims for lost earnings, benefits and other economic losses arise out of and relate to Plaintiffs work in the State of Illinois[1]

3. Plaintiff timely filed administrative charges with the relevant agency which encompasses the wrongful acts alleged in this action, and has therefore exhausted his administrative remedies.

4. Venue is proper within this district because when the unlawful practices complained of herein occurred Plaintiff was assigned to work and did work out of Defendant's Chicago, Illinois facilities within the Northern District of Illinois, making venue in this District proper in accordance with 28 U.S.C. § 1391(b).

## THE PARTIES

5. Plaintiff, William A. Rogers, is a citizen of the United States and the State of Michigan. At all times pertinent herein Plaintiff was a resident of the State of Indiana.

6. Defendant is a Virginia corporation with its principal place of business in the State of Virginia, registered to do business in the State of Illinois.

7. Defendant regularly and systematically conducts and transacts business associated with and in the Northern District of Illinois and is subject to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

8. Plaintiff has been deaf in his right ear since birth, resulting in an impairment or disability which substantially limits one or more major life activities. As a result of his deafness Plaintiff's ability to hear and communicate is limited.

---

[1] In the event Defendant claims this Court lacks personal jurisdiction, Plaintiff respectfully requests the ability to conduct discovery regarding personal jurisdiction prior to being required to respond to a motion to dismiss.

9. Defendant is a company with a large number of employees, in excess of that number required by the laws referenced in paragraph 1, *supra*.

10. In or about May 2003 Plaintiff was hired as a conductor trainee by the Defendant, working in Defendant's Hughart Yard in Grand Rapids, Michigan.

11. At the time of his hiring Plaintiff advised Defendant that he was deaf in his right ear.

12. On or about September 2, 2003, Plaintiff wrote a letter to Defendant, noting in that letter that Plaintiff was deaf in his right ear, and that he had not noted any adverse impact on his work related to his disability.

13. On or about September 24, 2003, Mr. Tony L. Ingram, then Vice President of Transportation Operations for Defendant, wrote Plaintiff, referencing Plaintiff's September 2, 2003 letter, and Plaintiff's right ear hearing impairment or disability.

14. Defendant has had notice of Plaintiff's hearing impairment or disability since 2003.

15. In or about September 2003 Plaintiff was promoted to the position of conductor, working in Defendant's Hughart Yard in Grand Rapids, Michigan.

16. In or about 2004 Plaintiff became a Yardmaster, working in Defendant's Hughart Yard in Grand Rapids, Michigan.

17. In or about 2006 Plaintiff returned to the position of conductor, working in Defendant's Hughart Yard in Grand Rapids, Michigan.

18. In or about 2008 Plaintiff returned to the position of Yardmaster, working in Defendant's Hughart Yard in Grand Rapids, Michigan.

19. Due to the closing of Defendant's Hughart Yard, in or about March 2009 Plaintiff started working at Defendant's Chicago, Illinois facilities as a conductor.

20. In or about March 2011 Plaintiff began working as a remote control operator and conductor at Defendant's Chicago, Illinois facilities.

21. In or about July 2012 Plaintiff started engineer school in McDonough, Georgia for Defendant.

22. In or about July 2012 while at engineer school Plaintiff was on a locomotive making a "move". His supervisor was in a corner of the locomotive. Plaintiff asked his supervisor if he could close the locomotive doors and windows because he was having a hard time hearing due to the fact that he was deaf in his right ear. The instructor denied the request without explanation.

23. While working for Defendant as a conductor in Grand Rapids, Michigan and Chicago, Illinois, Plaintiff had been in locomotives with the doors and windows closed without complaint from Defendant.

24. Plaintiff had worked for Defendant since 2003 without any adverse impact due to his hearing loss.

25. On or about July 24, 2012 Defendant wrote Plaintiff, advising that medical information was needed to determine Plaintiff's fitness to work, and that Plaintiff was being taken out of service and not to work pending a determination by Defendant's medical department as to Plaintiff's fitness for work. Defendant's medical department requested copies of Plaintiff's medical records for treatment related to his hearing loss.

26. On or about July 24, 2012, due to Plaintiff's disability or perceived disability, Defendant refused to allow Plaintiff to continue with engineer school, and/or to work as a conductor.

27. Defendant then instructed Plaintiff to go to the doctor for his hearing loss.

28. In accordance with Defendant's instructions Plaintiff received care for his hearing loss, undergoing a cochlear implant.

29. Neither the cochlear implant nor any other treatment Plaintiff received pursuant to Defendant's instructions improved the hearing in Plaintiff's right ear.

30. Plaintiff returned to work for Defendant on or about November 20, 2012.

31. Defendant did not perform an individualized assessment of Plaintiff's impairment or disability with objective evidence and reasonable medical judgment.

31. At all relevant times herein Plaintiff was an "employee" of defendant.

32. Defendant regarded Plaintiff as disabled due to his hearing impairment or disability.

33. Despite his hearing impairment or disability, Plaintiff was qualified for and able to perform the essential functions of his job and/or to attend engineer school until his unlawful removal from work and/or engineer school by Defendant.

34. As a result of Plaintiff's unlawful refusal to allow Plaintiff to work and/or to attend engineer school, Plaintiff suffered from and continues to suffer from emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

35. Other non-disabled employees similarly situated to Plaintiff have not been removed from service and/or engineer school by Defendant.

36. Plaintiff, who suffers from hearing loss, an impairment or disability, is a member of a class of persons protected by the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA").

37. Defendant is an employer within the meaning of the ADA and, as such, is barred from discriminating against employees on the basis of their disability.

38. Plaintiff timely filed an administrative charge against Defendant with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of the ADA.

39. The Charge was filed within 180 days of the discriminatory practices described in this Complaint.

40. Plaintiff received a right-to-sue letter from the EEOC which was dated August 4, 2017. A copy of the right-to-sue letter is attached as Exhibit A.

41. This Complaint is filed within 90 days of Plaintiff's receipt of the right-to-sue letter issued by the EEOC.

## COUNT I
## DISCRIMINATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

42. Plaintiff adopts and incorporates by reference the allegations contained in all previous paragraphs of this Complaint as though fully set forth herein.

43. Plaintiff meets the definition of a person with a disability within the ADA.

44 Plaintiff was qualified for the positions of conductor and/or to attend engineer school because he was and is able to perform the essential functions of those jobs with or without reasonable accommodation.

45. As set forth above, Defendant unlawfully discriminated against Plaintiff on the basis of his disability and intentionally engaged in unlawful employment practices in violation of the ADA, 42 U.S.C. §§ 12101 *et seq*., by conduct including but not limited to the following:

   a. Refusing to allow Plaintiff to work as a conductor on the basis of his disability which substantially restricts one or more major life activities;

   b. Refusing to allow Plaintiff to attend engineer school on the basis of his disability which substantially restricts one or more major life activities;

    c. Regarding Plaintiff as having a disability which substantially restricts one or more major life activities, and refusing to allow him to work as a conductor and/or to attend engineer school on such basis;

    d. Denying Plaintiff equal terms and conditions of employment as provided to non-disabled employees, where similarly situated employees were not denied the opportunity to work and/or to attend engineer school;

    e. Subjecting Plaintiff to disparate treatment on the basis of his disability, where similarly situated employees were not denied the opportunity to work and/or to attend engineer school; and/or

    f. Failing to take corrective action to reinstate Plaintiff following his being taken out of service and denied the opportunity to work and/or to attend engineer school.

46. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights, justifying an award of exemplary damages.

WHEREFORE, Plaintiff prays that judgement be entered against Defendant and Plaintiff be awarded the following: (a) loss of income and benefits, including back pay and loss of employment benefits; (b) interest in an amount authorized by law; (c) compensation for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life Plaintiff suffered as a result of Defendant's unlawful employment practices; (d) punitive and exemplary damages for Defendant's willful violation of the ADA; (e) Plaintiff's costs, including reasonable attorney's fees; and (f) such further and additional relief as the Court deems just and proper.

**JURY TRIAL DEMANDED.**

## COUNT II
## FAILURE TO ACCOMMODATE IN
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

47. Plaintiff adopts and incorporates by reference the allegations contained in all previous paragraphs of this Complaint as though fully set forth herein.

48. Plaintiff meets the definition of a person with a disability within the meaning of the ADA.

49. Plaintiff requested reasonable accommodations so that he could perform the essential functions of his position as a conductor and/or attend engineer school.

50. Defendant refused to make reasonable accommodations due to the known or perceived disability of Plaintiff while he was employed by Defendant.

51. Defendant discriminated against Plaintiff by refusing to grant him reasonable accommodations in violation of the ADA.

52. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights, justifying an award of exemplary damages.

WHEREFORE, Plaintiff prays that judgement be entered against Defendant and Plaintiff be awarded the following: (a) loss of income and benefits, including back pay and loss of employment benefits; (b) interest in an amount authorized by law; (c) compensation for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life Plaintiff suffered as a result of Defendant's unlawful employment practices; (d) punitive and exemplary damages for Defendant's willful violation of the ADA; (e) Plaintiff's costs, including reasonable attorney's fees; and (f) such further and additional relief as the Court deems just and proper.

**JURY TRIAL DEMANDED.**

## COUNT III
## RETALIATION IN VIOLATION
## OF THE AMERICANS WITH DISABILITIES ACT

53.     Plaintiff adopts and incorporates by reference the allegations contained in all previous paragraphs of this Complaint as though fully set forth herein.

54.     Plaintiff meets the definition of a person with a disability within the meaning of the ADA.

55.     Plaintiff requested reasonable accommodations so that he could perform the essential functions of his job as a conductor and/or attend engineer school.

56.     Plaintiff's request for reasonable accommodations was a protected activity under the ADA.

57.     Defendant knew and was aware that Plaintiff made a request for reasonable accommodations for his disability.

58.     Plaintiff's request for reasonable accommodations for his disability was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

59.     Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights, justifying an award of exemplary damages.

WHEREFORE, Plaintiff prays that judgement be entered against Defendant and Plaintiff be awarded the following: (a) loss of income and benefits, including back pay and loss of employment benefits; (b) interest in an amount authorized by law; (c) compensation for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life Plaintiff suffered as

a result of Defendant's unlawful employment practices; (d) punitive and exemplary damages for Defendant's willful violation of the ADA; (e) Plaintiff's costs, including reasonable attorney's fees; and (f) such further and additional relief as the Court deems just and proper.

**JURY TRIAL DEMANDED.**

Dated: October 31, 2017.

                                                  HOLLAND LAW FIRM,

                                                  */s/ Carl Kessinger*
                                                  Carl Kessinger (#6200167)
                                                  Eric D. Holland (#6207110)
                                                  Holland Law Firm, LLC
                                                  300 N. Tucker, Suite 801
                                                  St. Louis, MO 63101
                                                  314-241-8111
                                                  314-241-5554 – Facsimile
                                                  ckessinger@allfela.com
                                                  eholland@allfela.com

                                                  *Attorneys for Plaintiff*